PENN MUTUAL LIFE INSURANCE COMPANY *vs.* WALTON & WHANN COMPANY.

New Castle County, November Term, 1894.

**Practice. Application to Set Aside Sheriff's Sale.**—An affidavit filed on the last day under Section 23 of Rule 9, without a motion for a rule, is not an application within the meaning of said rule ; it is the basis of the application, but is not the application itself.

**Semble.**—That a motion or application in writing to set aside a Sheriff's sale might be filed with the affidavit, within the time prescribed for such applications, if the court were not in session on that day.

This was an application for a rule to show cause why a Sheriff's sale should not be set aside.

On November 29, 1894, which was a legal holiday, Francis N. Buck, President of the defendant company, made before George W. Bright, a notary public, an affidavit alleging that property of the defendant which had been sold by the Sheriff on November 7, 1894, for $33,000 was worth at least $60,000, and upon a resale of the lot it would bring a sum largely in excess of the price at which it was sold, which was therefore grossly inadequate. The affidavit was indorsed as follows :

" Deposited 2.12 P. M. November 29, 1894.   L. C. V.

" Filed November 29, 1894."

On Saturday, December 1st, *Vandegrift,* for the defendant, appeared in court and asked for a rule to show cause why the Sheriff's sale should not be set aside.

*Spruance,* for the plaintiff, opposed the application on the ground that the affidavit was not an application, but merely the basis of an application, and should have been accompanied by a written or docketed motion for a rule, according to the rule of the Court governing the same.

LORE, C. J., delivered the opinion of the Court.

We think the application is too late. The allegation in the affidavit, to say nothing of the time, is gross inadequacy of price. This must have been known just as well, immediately after the sale as it was at the time the affidavit was filed. On that ground it does not seem to appeal to any equitable discretion that the Court might exercise in the case.

The rule governing this application means not simply filing the ground of the application, but making the application itself; it means something more than filing an affidavit.

It occurs to us that if on the day the affidavit was filed the application for the rule also had been filed, the court not being in session, it would be sufficient.

The Court in this county held that they would recognize the filing of such an application, it being a day on which no motion could be made in the court and the attorney having done all that he could.

As the case stands we therefore refuse to grant the rule. The sale is confirmed.